Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 7838 | DATE | 10/10/2002 |
| CASE TITLE | USA ex rel. CRAIG SMITH vs. JAMES RYAN | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Status hearing held. Enter Memorandum Opinion And Order. Craig Smith's Petition for Writ of Habeas Corpus is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 11 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 18 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
ex rel. CRAIG SMITH, )
) Case No. 01 C 7838
Petitioner, )
) The Honorable John W. Darrah
v. )
) **DOCKETED**
JAMES RYAN, Illinois Attorney ) OCT 1 1 2002
General, )
)
Respondent. )

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Craig Smith's ("Petitioner") *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 against James Ryan, the Attorney General for the State of Illinois ("Respondent"). For the following reasons, Smith's Petition is denied.

## BACKGROUND

After a bench trial, Petitioner and co-defendant Robert Ellis ("Ellis") were convicted of one count of arson and sentenced to three years in prison.

Petitioner appealed his conviction and sentence, arguing: (1) a five-year delay in prosecution rendered his trial unfair and violated his constitutional rights to a speedy trial and to due process of law, (2) the trial court erred by not permitting him to call a witness on the basis that he was dilatory in not seeking out this witness and giving the prosecution notice prior to trial, (3) the indictment was invalid because it cited the wrong section of the statute, (4) impermissible testimony was admitted on the issue of the cause of the fire, (5) insufficiency of the evidence, (6) the trial court erred by permitting Ellis to cross-examine Petitioner's witnesses, and (7) his sentence was excessive.



The Illinois Appellate Court affirmed Petitioner's conviction and sentence on June 30, 1999. Specifically, the Illinois Appellate Court held that, since Petitioner failed to object to the five-year delay from indictment to trial and raise the issue in a post-trial motion, the issue had been waived. The Appellate Court also held that, since Petitioner knew about the indictment, agreed to the delays and caused some of the delays, his constitutional right to a speedy trial was not violated. The Appellate Court also held that the five-year delay was not a due process violation because Petitioner was not prejudiced by the delay and did not show "an intent on the part of the State to gain a tactical advantage". (Answer, Ex. B at 13.)

The Appellate Court held that the indictment was valid because Petitioner was apprised of the charge against him and he had not been prejudiced by the incorrect statutory citation and that the issue whether the trial court erred in allowing impermissible expert testimony had been waived because Petitioner failed to object at trial and in a written post-trial motion. The Illinois Appellate Court further held that the issue of the trial court allowing Petitioner's co-defendant to cross-examine Petitioner's witnesses had been waived because Petitioner failed to support this assertion with authority and to object at trial. The Appellate Court concluded that there was sufficient evidence to support the conviction and that the trial court did not abuse its discretion in sentencing Petitioner to three years' imprisonment because the trial court was aware of Petitioner's record and considered it in determining his sentence, which was within the statutory limits.

Petitioner filed a petition for leave to appeal to the Illinois Supreme Court, arguing that: (1) the five-year delay in prosecution rendered his trial unfair and violated his right to a speedy trial and due process of law, (2) the indictment failed to charge an offense, (3) his right to due process was violated when the trial court refused to permit him to present a witness not disclosed in discovery,

(4) trial counsel was ineffective for failing to ascertain that witness's testimony prior to trial, (5) it was error for the Illinois Appellate Court to review whether impermissible expert testimony was admitted on "waiver" principles, and (6) Petitioner was denied a fair trial when his *pro se* co-defendant was permitted to cross-examine Petitioner at trial. On October 6, 1999, the Illinois Supreme Court denied the petition for leave to appeal without opinion.

Petitioner filed a petition for *certiorari* to the United States Supreme Court, which denied the petition on October 6, 2000. Petitioner did not file a petition for post-conviction relief under Illinois law.

On October 10, 2001, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus. This petition raised the following grounds for relief: (1) the State knowingly used perjured testimony of an unlicensed arson investigator who was unauthorized to testify and withheld exculpatory evidence, (2) appellate counsel was ineffective for not raising the issue of prosecutorial misconduct, (3) the five-year delay between his indictment and trial violated his constitutional right to a speedy trial and due process, (4) Petitioner is actually innocent of arson, (5) trial counsel was ineffective where he did not object to the qualifications of the State's arson investigator, (6) Petitioner was denied the right to be informed of the charge against him where the indictment did not list all the elements of the crime, (7) Petitioner was denied the right to confront witnesses against him when he was not allowed to confront the real estate appraiser who produced the appraisal report from which the value of the property was determined, (8) Petitioner was not informed of the elements of the crime charged and was convicted of a crime not charged, (9) the trial court erred in permitting Ellis to cross-examine Petitioner's witnesses, (10) Petitioner's sentence was excessive, and (11) Petitioner was not proven guilty beyond a reasonable doubt. Petitioner also raises, as an additional ground for relief,

that his appellate counsel was ineffective for failing to raise the following issues on direct appeal: (1) Petitioner was denied the right to confront the real estate appraiser; (2) the State withheld exculpatory evidence that the arson investigator was unqualified; (3) the State committed prosecutorial misconduct when it presented perjured testimony regarding the arson investigator's qualifications; (4) the State's witness, Charles Johnson, committed perjury when he made contradictory statements in his grand jury testimony; (5) there was no evidence linking Ellis to the arson; (6) the trial court erred in allowing evidence of other fires undertaken by Petitioner; and (7) there was no probable cause to arrest Ellis.

Respondent filed an answer, arguing that Petitioner's grounds for relief were procedurally defaulted, not cognizable, or lacked merit.

## LEGAL STANDARD

A federal court will not grant habeas corpus relief on any claim adjudicated on the merits by a state court unless: (1) the state court applied a United States Supreme Court doctrine unreasonably to the facts of the case or (2) the state court's decision relied on an unreasonable reading of the facts in light of the evidence presented. 28 U.S.C. § 2254(d) (2002). For relief based on an unreasonable application of Supreme Court doctrine, the state court's decision must be both incorrect and unreasonable. *Washington v. Smith*, 219 F.3d 620, 628 (7th Cir. 2000).

Petitioner must satisfy two requirements to avoid procedural default before a court may reach the merits of his habeas corpus petition: (1) exhaustion of state remedies and (2) fair presentment of any federal claims. *Spreitzer v. Schomig*, 219 F.3d 639, 644 (7th Cir. 2000)(citations omitted). A habeas corpus petitioner exhausts all state remedies when: (1) he presents his claims to the highest court for a ruling on the merits or (2) state remedies are no longer available to the petitioner at the

time his federal habeas petition is filed. *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991)(citations omitted). "For a constitutional claim to be fairly presented to a state court, both the operative facts and the 'controlling legal principles' must be submitted." *Rodriguez v. Scillia*, 193 F.3d 913, 916 (7th Cir. 1999). "If a prisoner fails to present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted." *Rodriguez*, 193 F.3d at 917 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)).

## ANALYSIS

### *Jurisdiction*

Although Petitioner is currently out on bond, Petitioner is "in custody" for purposes of this Petition for Writ of Habeas Corpus. Section 2241(c)(3) of Title 28 provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution of laws or treaties of the United States." A petitioner, even one who is not physically confined, will satisfy the "in custody" requirement if there are "collateral consequences" of his conviction. *See Maleng v. Cook*, 490 U.S. 488, 491-92 (1989). However, a petitioner is no longer "in custody" if he "suffers no present restraint from a conviction" or if his sentence has expired. *Maleng*, 490 U.S. at 492. Here, there are clearly collateral consequences to Petitioner's conviction; his sentence has not expired or been discharged. Therefore, Petitioner is "in custody" under § 2241(c)(3).

### *Grounds for Relief*

Petitioner's claims of ineffective assistance of appellate and trial counsel, that he was denied the right to confront witnesses against him, and that he is actually innocent were not raised in any of his state court appeals. Thus, these claims were not fairly presented to the state courts and,

therefore, are procedurally defaulted. Moreover, "[c]laims of actual innocence . . . have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). Petitioner bases his claim of actual innocence on other claims which, as discussed in greater detail below, have been procedurally defaulted. Therefore, this claim is not appropriate for federal habeas review.

Respondent argues that the issue of whether the State knowingly used perjured testimony of an unlicensed arson investigator and withheld exculpatory evidence has been procedurally defaulted because it was not fairly presented to the state courts. "In determining whether a petitioner has fairly presented a claim to the state judiciary, we examine four factors: 1) whether the petitioner relied on federal cases that engage in a constitutional analysis; 2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; 3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and 4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation." *Ellsworth v. Levenhagen*, 248 F.3d 634, 639 (7th Cir. 2001). Petitioner did not frame this claim in terms of a constitutional violation. Petitioner rested this claim solely on whether the investigator was qualified under state law, 225 Ill. Comp. Stat. 445/2(h)(4), and cited only to an Illinois case, *People v. West*, 264 Ill. App. 3d 176 (1996). Furthermore, *West* does not apply a constitutional analysis to similar facts but, rather, analyzes the facts in terms of the state statute. Moreover, the claim called into question the propriety of the trial court's evidentiary ruling. "Violations of state evidentiary rules 'may not be questioned in federal habeas proceedings unless they render the trial so fundamentally unfair as to constitute a denial of federal constitutional rights.'" *Escobar v. O'Leary*,

943 F.2d 711, 720 (7th Cir. 1991) (quoting *Searcy v. Greer*, 768 F.2d 906, 910 (7th Cir. 1985), *cert. denied*, 474 U.S. 996 (1985)). It does not appear that the trial was rendered fundamentally unfair by the arson investigator's testimony. Thus, Petitioner has not fairly presented this claim to the state courts; and, therefore, it is procedurally defaulted. *Ellsworth*, 248 F.3d at 639.

Petitioner's claim that the five-year delay in prosecution violated his right to a speedy trial and to due process is also procedurally defaulted because the Illinois Appellate Court rested its decision on an independent and adequate state ground. *Coleman v. Thompson*, 501 U.S. 722, 729-32 (1991); *Steward v. Gilmore*, 80 F.3d 1205, 1211 (7th Cir. 1996). Federal review is barred if "the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989). Here, the Illinois Appellate Court held that "[i]t is well settled that a defendant must raise objection at trial and in a written posttrial [sic] motion to properly preserve issues for review. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988)." (Answer Ex. B at 10.) Here, even though the Illinois Appellate Court went on to consider the merits of this claim, it "clearly and expressly" invoked the state procedural rule of waiver as enunciated in *Enoch* in denying relief on this claim. *See Harris*, 489 U.S. at 264 n.10 ("By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law.") Therefore, this ground has also been procedurally defaulted.

Petitioner's next ground for relief is that he was denied the right to be informed of the charge against him where the indictment did not list all the elements of the crime. This ground for relief has been procedurally defaulted because it was not fairly presented to the state courts. Petitioner did not frame this claim in terms of a constitutional violation. Petitioner rested this claim solely on

-7-

whether the indictment was valid under state law, 720 Ill. Comp. Stat. 5/20-1, cited only to an Illinois case, *People v. Pettus*, 84 Ill. App. 3d 390 (1980), and did not argue any federal constitutional issues. Furthermore, *Pettus* does not apply a constitutional analysis to similar facts but, rather, analyzes the facts in terms of Illinois case law and statutes. Thus, Petitioner has not fairly presented this claim to the state courts; and, therefore, it is procedurally defaulted. *Ellsworth*, 248 F.3d at 639.

Petitioner's claim that he was not informed of the elements of the crime charged and convicted of a crime not charged is merely another challenge to the validity of the indictment and is also procedurally defaulted for the reasons set forth above.

Petitioner's next ground for relief is that the trial court erred by allowing Petitioner's co-defendant to cross-examine Petitioner's witnesses. This ground has been procedurally defaulted because the Illinois Appellate Court rested its decision on an independent and adequate state ground. *Coleman*, 501 U.S. at 729-32 (1991). That court held that the issue of error in allowing Petitioner's co-defendant to cross-examine Petitioner's witnesses had been waived because Petitioner failed to support this assertion with authority and to object at trial, citing *Country Mutual Insurance Co. v. Birner*, 293 Ill. App. 3d 452 (1997). Here, the Illinois Appellate Court "clearly and expressly" invoked the state procedural rule of waiver as enunciated in *Birner* in denying this ground for relief. Therefore, this ground has been procedurally defaulted.

Petitioner's next ground for relief is that his sentence of three years' imprisonment was excessive. "[A] federal court will not normally review a state sentencing determination which . . . falls within the statutory limit." *Gleason v. Welborn*, 42 F.3d 1107, 1112 (7th Cir. 1994), *cert. denied*, 514 U.S. 1109 (1995). Sentences are reviewed if a petitioner can show the sentencing court lacked jurisdiction to impose the sentence or committed a constitutional error, i.e., the sentence is

extreme and grossly disproportionate to the crime. *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997) (citations omitted). The court will consider three factors in determining whether a sentence is grossly disproportionate to the crime: "'(1) the inherent gravity of the offense, (2) the sentences imposed for similarly grave offenses in the same jurisdiction, and (3) sentences imposed for the same crime in other jurisdictions.'" *Koo*, 124 F.3d at 875-76 (quoting *Harmelin v. Michigan*, 501 U.S. 957, 986-87 (1991) (opinion of Scalia, J.) (citing *Solem v. Helm*, 463 U.S. 277, 290-91 (1983)).

Petitioner asserts that he was not proven guilty beyond a reasonable doubt. This ground for relief was not raised in Petitioner's petition for leave to appeal to the Illinois Supreme Court. Thus, this ground was not fairly presented to the state courts and, therefore, has been procedurally defaulted.

Petitioner was convicted of arson and was sentenced to three years in prison. At the time Petitioner was sentenced, Illinois law provided that the term of imprisonment for arson was not less than three years and not more than seven years. 730 Ill. Comp. Stat. 5/5-8-1(a)(5). Petitioner's sentence falls within the statutory limit. Moreover, Petitioner has not presented any evidence that other defendants in this or any other jurisdiction have reduced sentences for arson. Thus, the state court did not unreasonably apply a Supreme Court doctrine or did not rely on an unreasonable reading of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

*Procedural Default*

Once procedural default has been established, the petitioner may still present those claims in federal court if he can demonstrate (1) cause for his default and (2) actual prejudice as a result of the alleged violations of federal law. *Steward v. Gilmore*, 80 F.3d 1205, 1211-12 (7th Cir. 1996). Petitioner can show cause "by showing that 'some objective factor external to the defense impeded

[his] efforts to comply with the State's procedural rule.'" *United States ex rel. Taylor v. Barnett*, 109 F. Supp. 2d 911, 920 (N.D. Ill. 2000) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

Alternatively, the petitioner can present his claims if he can show that failure to consider the claim will result in a "fundamental miscarriage of justice". *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Under *Schlup v. Delo*, 513 U.S. 298, 315, 327 (1995), a fundamental miscarriage of justice has occurred when the petitioner can show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent". The petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Schlup*, 513 U.S. at 327. "Accordingly, without new evidence of innocence, even a meritorious constitutional claim is not sufficient to allow a habeas court to reach the merits of a procedurally defaulted claim." *United States ex rel. Bell v. Pierson*, 267 F.3d 544, 551 (7th Cir. 2001) (citing *Schlup*, 513 U.S. at 316).

Petitioner has not demonstrated any objective factor external to the defense that prevented presentation of the defaulted grounds for relief to the Illinois courts. Moreover, Petitioner has not presented any new evidence that would suggest that he is innocent. Thus, Petitioner has not made a showing sufficient to survive a procedural default; and, therefore, his Petition for Writ of Habeas Corpus is denied.

## CONCLUSION

For the reasons stated herein, Craig Smith's Petition for Writ of Habeas Corpus is denied.

**IT IS SO ORDERED.**

[signature]
John W. Darrah, Judge
United States District Court

Date: October 10, 2002